

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# Sirat v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3174

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sirat v. Atty Gen USA" (2005). *2005 Decisions.* Paper 88.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/88

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-3174

RULLY SIRAT; HOKKY KHOSYAN,

Petitioners
v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A95 369 392

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 16, 2005

Before: SLOVITER, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed: December 20, 2005)

OPINION

SMITH, *Circuit Judge*.

Rully Sirat, and her husband Hokky Khosyan, petition for review of the order of

the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration

Judge ("IJ") which denied Sirat's application for asylum, withholding of removal and

relief under the Convention Against Torture ("CAT").[1] Sirat, a native Indonesian, testified that she and Khosyan operated a snack shop and potato chip factory in Jakarta, Indonesia, and lived above the factory. In the May 1998 riots, the factory burned down. Sirat and Khosyan, however, escaped unharmed and lived with her parents. Sirat entered the United States in October 1998 and Khosyan followed in December 1998.

Sirat returned to Indonesia in March 1999 because her father was ill. She stayed in Jakarta until April 2001. While she was in Jakarta, she became pregnant. Thereafter, she returned to the United States and delivered a daughter on August 15, 2001.

Sirat claims that she was persecuted on account of her Christian faith and that she will be persecuted if she is repatriated to Indonesia. Khosyan seeks derivative status. In support of her claim, Sirat cites various church bombings that occurred in Indonesia. She testified that while she was in church with her family on December 24, 2000, a bomb exploded and that six people were injured.

The IJ did not find Sirat credible. He explained that she failed to provide any evidence to corroborate her story that her church was bombed on December 24, 2000. He pointed out that the United States Department of State's Country Conditions Report mentioned only bombings in the Mollucas, but none in Jakarta. Sirat admitted the Mollucas are more than a thousand miles from Jakarta. Nor were any affidavits from Sirat's family members submitted to confirm that their church was bombed while they

---

[1] We exercise appellate jurisdiction under 8 U.S.C. § 1252. The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1(b). The IJ had jurisdiction under 8 C.F.R. § 1208.2(b).

2

were attending services on December 24, 2000.

Sirat appealed to the BIA, which affirmed without opinion. This timely appeal followed. We review the IJ's opinion and scrutinize his decision to determine if it is supported by substantial evidence. *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . ." *Dia*, 353 F.3d at 248 (quoting *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)) (internal quotation marks omitted).

After a careful review of the record, we conclude that there is substantial evidence to support the IJ's adverse credibility finding. Other than the uncorroborated church bombing in December 2000, Sirat offered nothing to establish that she was persecuted on account of her Christian faith. Noticeably absent from her testimony was any contention that she suffered any physical harm. Rather, she was content to return to and to remain in Indonesia for two years, including several months after her church was bombed. These facts also undermine her claim that she had a well-founded fear of future persecution. *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (observing that the reasonableness of an alien's claim of future persecution is undermined when family members remain in her native country without encountering harm).

Because there is substantial evidence to support the IJ's denial of Sirat's claim for asylum, we need not address her claim for withholding of removal. *Balasubramanrim v. INS*, 143 F.3d 157, 161 n.8 (3d Cir. 1998) (citing *INS v. Cardoza-Fonseca*, 408 U.S. 421,

3

430-31 (1987)).  Sirat's claim for relief under the CAT was waived inasmuch as she failed to present any legal argument in support of her claim.  *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court").

We will deny the petition for review filed by Sirat and Khosyan.

4